UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-351-H

ROX A. DUPIN
and ALVIN C. DUPIN                                                              PLAINTIFFS

V.

WAL-MART STORES EAST, L.P.                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, Wal-Mart Stores East, L.P. ("Wal-Mart"), has moved for summary judgment in this personal injury tort claim on the grounds that the bag carousel involved in the accident is an open and obvious hazard. *See Bonn v. Sears, Roebuck & Co.,* 440 S.W.2d 526, 528 (Ky. 1969). For the reasons that follow the Court disagrees that the particular agent of the injury constituted an open and obvious hazard in these circumstances.

I.

On June 10, 2007, Plaintiff, Rox A. Dupin, was shopping at a Wal-Mart store located in Jefferson County, Kentucky. After she completed her shopping, she proceeded to the check-out lanes at the front of the store. These lanes are equipped with a carousel or turnstile device that holds plastic grocery bags upright on metal prongs so they are easily accessible for the cashier and customer. Each of these metal prongs is shorter than or even with the base of the bag carousel. Therefore, none of the prongs would extend past this base. The base or spinning portion of the carousel is set up off the ground on a separate structure that does not spin. Consequently, it is stationary. The spinning portion of the carousel does not extend past the base in any direction.

Plaintiff says that she was gathering her last bag off the bag carousel when a number of empty bags were pulled off with it onto the floor. She says the cashier asked her to retrieve the bags. She squatted down to pick them up as she could not bend over due to a prior back injury. She claims that while she was retrieving the bags, the cashier turned the bag carousel to ready the bags for the next customer. Plaintiff says that she did not know that the carousal was moved. As she stood back up, she struck the top of her head on one of the metal prongs on the carousel. Her injuries followed from this accident.

## II.

A business owner is not an insurer of his customers' safety and is not absolutely liable to his customers for injuries occurring on its property. *Lanier v. Wal-Mart Stores, Inc.*, 99 S.W.3d 431, 436 (Ky. 2003); *Grisham v. Wal-Mart Stores, Inc.*, 929 F.Supp. 1054, 1059 (E.D. Ky. 1995). "There must be negligence on the part of the business itself." *Stump v. Wal-Mart Stores, Inc.*, 946 F.Supp. 492, 493 (E.D. Ky. 1996). To prevail in any negligence action, a plaintiff must prove three elements: (1) a duty on the part of the defendant; (2) a breach of that legal duty; and (3) consequent injury. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992).

Kentucky law imposes upon "shopkeepers" such as Wal-Mart a duty to maintain their premises in a condition that is reasonably safe for their customers. However, the shopkeeper owes no duty with respect to "open and obvious" conditions. *Standard Oil Co. v. Manis,* 433 S.W.2d 856, 859 (Ky. 1968). "Reasonable care on the part of the possessor of business premises does not ordinarily require precaution or even warning against dangers that are known to the visitor or so obvious to him that he may be expected to discover them." *Bonn v. Sears, Roebuck & Co.*, 440 S.W.2d at 528.

Defendant argues that because Plaintiff was aware of the bag carousel, she was aware of the dangerous condition. Certainly, Plaintiff had a duty to look out for her own safety. She even had a duty to anticipate some dangerous circumstances. There are duties that a jury can evaluate based on the evidence. However, these duties do not create an "open and obvious" hazard as a matter of law in these circumstances. When Plaintiff squatted to retrieve the fallen bags, she did not know that the cashier would turn the bag carousel so that one of the metal prongs could become a danger and cause injury.

Based upon the circumstances here, the Court rules that as a matter of law the metal prong did not meet the definition of an open and obvious hazard at the time of the accident. The ruling does not mean that Defendant necessarily violated its duty to maintain a safe premise or that Plaintiff was without fault in causing her own injury. It means only that the circumstances are not such that the danger Defendant is alleged to have created in that moment was not open and obvious.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED.

cc: Counsel of Record