UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08CV-351-H

ROX A. DUPIN and
ALVIN C. DUPIN                                                                                              PLAINTIFFS


V.


WAL-MART STORES EAST, L.P.                                                                      DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

Defendant, Wal-Mart Stores East, L.P. ("Wal-Mart'"), has moved this Court to reconsider its July 2, 2009 Order denying Defendant's Motion for Summary Judgment. In the Motion for Summary Judgment, Wal-Mart argued that because its bag carousel was open and obvious to Plaintiff Rox A. Dupin ("Dupin"), it was not unreasonably dangerous. This Court disagreed. Wal-Mart now asks this Court for a determination that the carousel does not constitute an unreasonably dangerous condition.

I.

Plaintiff alleges she sustained an injury in June 2007 while shopping at a Wal-Mart in Jefferson County, Kentucky. The lanes at the relevant Wal-Mart location were equipped with a carousel, or turnstile, that held grocery bags on metal prongs. Though the base of the turnstile was stationary, the portion with the prongs rotated to facilitate access to the bags. The prongs do not extend beyond the base in any direction. Plaintiff claims that while she was gathering her bags off the carousel, a number of empty bags were pulled off onto the floor. She says the

cashier asked her to retrieve the bags, and that while she was doing so, the cashier turned the bag carousel to ready the bags for the next customer. Plaintiff, who had a prior back injury, says she did not know that the carousel was moved. As she stood up, she struck the top of her head on one of the metal prongs on the carousel, causing injury.

## II.

The question which seems to be presented is whether the cashier rotated the metal prongs on the bag carousel in such a manner to create a dangerous condition in these unusual circumstances. However framed, this is a negligence case. The Court is not yet convinced that it would be unreasonable for a jury to conclude that the cashier's actions created a dangerous condition which caused Plaintiff's injury. Obviously, there are strong factual arguments to the contrary. However, the evidence does not compel dismissal at this time.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for reconsideration is DENIED.

September 22, 2009

John G. Heyburn II, Judge
United States District Court

cc: Counsel of Record