FILED
Jeffrey A. Apperson, Clerk
JAN 06 2010
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-351-H

ROX A. DUPIN — PLAINTIFF

V.

WAL-MART STORES EAST, L.P. — DEFENDANT

# JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all of the evidence and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence. Do not single out one instruction alone as stating the law but you should consider the instructions as a whole. Nor should you be concerned with the wisdom of any rule of law stated by the Court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls. The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you. You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in the light of your own common sense.

In saying that you must consider all of the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness. In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

The rules of evidence permit a witness who by education and experience has become expert in any art, science, or profession to state an opinion and the reasons for such an opinion. You should consider this evidence and give it such weight as you, in the application of your common sense, may think it deserves. If you should conclude that the reasons given by the expert witness in support of an opinion are not sound, or that the opinion is outweighed by other credible evidence in the case, or by the opinion of some other expert, then you may reject the opinion of such expert in whole or in part.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

In this case it is Plaintiff's responsibility to persuade you that Plaintiff's claim is more likely true than not. If Plaintiff fails to persuade you on every essential element of Plaintiff's claim, then you should find for the Defendant on that claim.

The Defendant in this case is a corporation. A corporation is entitled to the same fair trial as a private individual. Thus, the fact that the Defendant is a corporation should not impact your decision in this case.

INSTRUCTION No. 1

It is the duty of Defendant, Wal-Mart, and its employees, to exercise "ordinary care" in their interactions with business customers, including Plaintiff Rox Dupin. "Ordinary care" as applied to Wal-Mart's employee, means such care as the jury would expect an ordinarily prudent person, engaged in the same type of business, to exercise under similar circumstances.

For Dupin to succeed on her claim, she must prove each of the following elements:

1. That Wal-Mart's employee failed to exercise ordinary care in her use of the bag carousel; and

2. That Dupin was injured; and

3. That Wal-Mart's employee's failure to exercise ordinary care was a substantial factor in causing Dupin's accident and injuries.

In determining whether Wal-Mart's failure to exercise ordinary care was a substantial factor in causing Dupin's injuries, you may consider whether the accident aroused or aggravated a pre-exiting condition.

**If you are convinced that Dupin has proved all of these elements, answer "Yes" under Question No. 1 on the Verdict Form and proceed to Instruction No. 2. If you do not believe Dupin has proved all of the above elements, answer "No" under Question No. 1, sign and date the Verdict Form and return to the courtroom.**

INSTRUCTION No. 2

It was also the duty of Rox Dupin, on the occasion in question, to exercise ordinary care for her own safety and protection. As used in this instruction, "ordinary care" means such care as the jury would expect an ordinarily prudent person to exercise under similar circumstances.

You will find that Dupin violated this duty only if you are satisfied from the evidence as to both of the following:

1. That Dupin failed to comply with her duty to exercise ordinary care for her own safety and protection; and
2. That such failure on her own part was a substantial factor in causing her accident and injuries.

**If you are convinced that the evidence satisfies the above elements, answer "Yes" under Question No. 2 on the Verdict Form and proceed to Instruction No. 3. If you do not believe the above elements are met, answer "No" under Question No. 2 on the Verdict Form, and proceed to Instruction No. 4.**

INSTRUCTION No. 3

Because you have decided that both Wal-Mart and Rox Dupin failed to exercise ordinary care, you must now determine from the evidence what percentage of total fault was attributable to each. In determining the percentage of fault, you shall consider both the nature of the conduct of each party at fault and the extent of the causal relationship between their conduct and the damages claimed.

**Under Question No. 3 on the Verdict Form, enter the percentage of total fault you assign to each party. The total of the numbers you enter in the two blanks must equal 100 percent. Proceed to Instruction No. 4.**

INSTRUCTION No. 4

You must now determine from the evidence what sum of money, if any, will fairly and reasonably compensate Rox Dupin for the injuries or other damages she sustained as a direct result of this accident.

You may, but are not required to, award damages for the following:

1) Medical and Hospital Expenses (not to exceed $244,975.34);

2) Mental and Physical Suffering (not to exceed $250,000);

3) Future medical expenses (not to exceed $50,000);

4) Permanent impairment of her power to labor and earn money (not to exceed $100,000).

**Under Question No. 4 on the Verdict Form, enter the amount of compensatory damages, if any, that you choose to award to Dupin for each of the four categories.**

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors, to consult with one another, and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. A verdict form has been prepared for your convenience. You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the verdict upon which you unanimously agree with respect to each issue in this case; you will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-351-H

ROX A. DUPIN PLAINTIFF

V.

WAL-MART STORES EAST, L.P. DEFENDANT

**VERDICT FORM**

Please record your verdict by answering the following questions; remember that your verdict must be unanimous.

**QUESTION NO. 1:**

Yes __________

No __________

**QUESTION NO. 2:**

Yes __________

No __________

**QUESTION 3:**

Rox Dupin ________

Wal-Mart ________

Total 100%

**QUESTION 4:**

1) Medical and Hospital Expenses

____________________________ (Not to exceed $244,975.34)

2) Mental and Physical Pain and Suffering

____________________________ (Not to exceed $250,000)

3) Future medical expenses

____________________________(Not to exceed $50,000)

4) Permanent impairment of her power to labor and earn money

____________________________(Not to exceed $100,000).

____________________________________

FOREPERSON

JUROR NUMBER ____________________

DATE: ____________________________